**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| **Walker Cassidy,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Civil No.** |
| | ) | |
| **Portfolio Recovery Associates,** | ) | |
| **LLC,** | ) | **Jury Trial Demanded** |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

1.   This is an action brought by Plaintiff, Walker Cassidy, for actual and statutory damages, attorneys' fees, and costs for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*, (hereinafter "FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "TCPA"). Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of South Carolina common law set forth herein.

## JURISDICTION AND VENUE

2.   This Court has Jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. §1331 and §1367.  Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

## PARTIES

3.   Plaintiff, Walker Cassidy, is a resident and citizen of the State of South Carolina,

Chesterfield County, and is over the age of twenty-one (21) years.

4.      Defendant, Portfolio Recovery Associates, LLC   (hereinafter referred to as "Portfolio") may be served with process through its CEO, Steve Fredrickson, at its corporate headquarters, 140 Corporate Blvd., Norfolk, VA 23502. Defendant regularly collects debts and is a debt collector as that term is defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

5.      On or about August 8, 2012, Defendant sent a letter to Plaintiff relating to an alleged debt that Defendant had purchased from FIA Card Services, N.A. Thereafter, Defendant began to make telephone calls to Plaintiff in an attempt to collect a debt. Said calls were made multiple times per day and on a daily basis.

6.      Due to the constant and continuous nature of the telephone calls, Plaintiff cancelled the telephone number to which Defendant was making its telephone calls.

7.      On or about February 6, 2013, Plaintiff received a second letter from Defendant regarding the alleged debt. At this time, Plaintiff had acquired a brand new cellular telephone number and was receiving no telephone calls from Defendant.

8.      After receipt of the February 6, 2013 letter, Plaintiff called Defendant on his cellular telephone to dispute the debt. During said call, Plaintiff gave Defendant the account/reference no. provided on the February 6, 2013 letter and told the representative that he did not owe anything to Defendant. Defendant also requested

no calls be made to him by Defendant because he did not owe any debt to Defendant.

9.  Thereafter, Defendant began to make multiple telephone calls on a daily basis to Plaintiff on the cellular telephone that Plaintiff had used to contact Defendant. Upon information and belief, Defendant captured Plaintiff's cellular telephone number when he contacted Defendant to dispute the debt and request Defendant not call him.

10. Said calls placed to the Plaintiff's cellular telephone were made through the use of an automatic telephone dialing system as defined by 47 U.S.C. § 227.

11. Defendant repeatedly called Plaintiff on a number that was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

12. Plaintiff did not expressly consent to Defendant's placement of telephone calls to his cellular telephone by the use of an automatic telephone dialing system pursuant to 47 U.S.C. §227(b)(1)(A). Upon information and belief, Defendant captured Plaintiff's telephone number when Plaintiff contacted Defendant to dispute liability on the debt. Plaintiff never provided Defendant with this cellular telephone number or any telephone number.

13. None of Defendant's telephone calls placed to Plaintiff were for emergency purposes as defined by 47 U.S.C. §227 (b)(1)(A)(I).

14. The telephone calls made by Defendant were in violation of 47 U.S.C. §227(b)(1).

15. On or about the end of April, 2013, Plaintiff became frustrated with Defendant and,

due to the harassing nature of the telephone calls being happened upon him multiple times on a daily basis, once again cancelled his telephone number.

16. Thereafter, Defendant gained possession of Plaintiff's new telephone number and continued making multiple telephone calls on a daily basis in an attempt to collect an alleged debt.

## COUNT ONE
### (Fair Debt Collection Practices Act - 15 U.S.C. §1692)

17. Plaintiff hereby adopt all of the allegations set forth in paragraphs 5 through 16 as if set forth fully herein.

18. Defendant has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act with respect to the Plaintiff and an alleged consumer debt.

19. Defendant violated §1692c(a)(1) by contacting the Plaintiff at a time or place Defendant knew or should have known was inconvenient to the Plaintiff.

20. Defendant violated §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff by repeatedly telephoning the Plaintiff with the intent to annoy, abuse, or harass the Plaintiff in an effort to coerce him into paying a debt in violation of §1692d(5).

21. The Defendant violated §1692f by using unfair and/or unconscionable means to attempt to collect a debt.

22. As a proximate result of Defendant's actions, the Plaintiff was caused to incur

charges on his telephone bill, suffer worry, humiliation, fear, loss of sleep, anxiety, nervousness, physical sickness, physical pain and mental anguish for which he seeks the maximum statutory damages, actual damages, plus attorney's fees and costs.

## COUNT TWO
### (Negligent Violation of the Telephone Consumer Protection Act - 47 U.S.C. § 227)

23. Plaintiff hereby adopt all of the allegations set forth in paragraphs 5 through 22 as if set forth fully herein.

24. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

25. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.,* Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C.§ 227(b)(3)(B).

## COUNT THREE
### (Willful Violation of the Telephone Consumer Protection Act - 47 U.S.C. § 227)

26. Plaintiff hereby adopts all of the allegations set forth in paragraphs 5 through 25 as if set forth fully herein.

27. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

28.  As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227 *et seq.*, the Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(c).

## COUNT FOUR
### (Negligent Training and Supervision)

29.  Plaintiff adopts the averments and allegations of paragraphs 5 through 28 hereinbefore as if fully set forth herein.

30.  The Defendant knew or should have known of its inadequate training and supervision. If the Defendant had properly trained and supervised its employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon Plaintiff would not have occurred.

31.  The Defendant negligently failed to train and supervise its employees, agents, and/or assigns in order to prevent said improper conduct.

32.  As a result of the Defendant's negligence, the Plaintiff suffered humiliation, family discord, stress, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT FIVE
### (Reckless and Wanton Training and Supervision)

33.  Plaintiff adopts the averments and allegations of paragraphs 5 through 32 hereinbefore as if fully set forth herein.

34.  The Defendant knew or should have known of its inadequate training and supervision. If Defendant had properly trained and supervised its employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon the Plaintiff would not have occurred.

35.  The Defendant knew or should have known that the conduct of its employees, agents, and/or assigns was improper.

36.  The Defendant recklessly and wantonly failed to train and supervise its employees, agents, and/or assigns in order to prevent said improper conduct.

37.  As a result of the Defendant's recklessness and wantonness, Plaintiff suffered humiliation, family discord, stress, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against the Defendant for the following:

a.  For relief in amounts or other appropriate relief as may be determined by the Court pursuant to 15 U.S.C. §1692 to include the Plaintiff's actual damages, statutory damages of one thousand ($1,000.00) dollars, as well as attorney's fees and costs.

b.  Statutory damages of $500.00 from the Defendant for each and every violation of the TCPA;

c.     Treble statutory damages of $1,500.00 for each and every call made to the Plaintiff's cell phones by the Defendant as each and every call was a knowing and/or willful violation of 47 U.S.C. §227 *et seq.*;

d.     For compensatory and punitive damages in an amount to be determined by the jury for Defendant's negligent, reckless, willful and wanton training and supervision.

e.     For this matter to be heard by a jury; and

f.     For such other and further relief as this Court deems necessary and proper.


/s/ Penny Hays Cauley
Penny Hays Cauley, Fed ID No 10323
Attorney for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
549 West Evans Street, Suite E
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com


**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY ON ALL COUNTS**

/s/ Penny Hays Cauley
Of Counsel


**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL (RESTRICTED DELIVERY)**
Portfolio Recovery Associates, LLC
c/o Steve Fredrickson - CEO
140 Corporate Blvd.
Norfolk, VA 23502